**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN J. SOPATA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| LAW OFFICE OF KEITH S. SHINDLER, LTD., | ) |
| d/b/a THE SHINDLER LAW FIRM, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1.      Plaintiff John J. Sopata brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Law Office of Keith S. Shindler, Ltd., d/b/a The Shindler Law Firm.   Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue and personal jurisdiction in this District are proper because:

a.      Defendant's collection communications were received by plaintiff within this District;

b.      Defendant does or transacts business within this District.

## PARTIES

4.      Plaintiff John J. Sopata  is an individual who resides in the Northern District of Illinois.

5.      Defendant Law Office of Keith S. Shindler, Ltd., d/b/a The Shindler Law Firm is a law firm organized as an Illinois professional corporation. Its principal offices are located at 1990 E. Algonquin Rd., Ste. 180, Schaumburg, IL 60173.

6.      Law Office of Keith S. Shindler, Ltd., d/b/a The Shindler Law Firm is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

7.      Law Office of Keith S. Shindler, Ltd., d/b/a The Shindler Law Firm is a debt collector as defined in the FDCPA.

## FACTS

8.      On or about September 15, 2014, defendant sent plaintiff the letter attached as Exhibit A.

9.      The debt described in Exhibit A is a credit card, incurred for personal, family or household purposes, and not for business purposes, reduced to judgment.

10.     Contrary to Exhibit A, no judgment lien was filed for property registered in the name of plaintiff.

11.     Contrary to Exhibit A, plaintiff did not owe any balance whatever on the debt.

12.     Plaintiff was not the debtor.

13.     Plaintiff was harassed and aggravated as a result.

## COUNT I – FDCPA

14.     Plaintiff incorporates paragraphs 1-13.

15.     Defendant violated 15 U.S.C. §1692e by sending Exhibit A.

16.     Section 1692e provides:

**§ 1692e.      False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)      The false representation of--**

**(A)      the character, amount, or legal status of any debt; . . .**
**(4)      The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.**

**(5)      The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1)    Statutory damages;

(2)    Actual damages;

(3)    Attorney's fees, litigation expenses and costs of suit;

(4)    Such other and further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman